IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BEVERLY R. MOWRY, Individually, as Executor of the Estate of David C. Mowry, deceased, and as personal representative of the heirs and next of kin of David C. Mowry<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO.: 5:25-cv-00392<br><br>JUDGE JOHN R. ADAMS<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 13. Plaintiff Beverly R. Mowry, Executor of the Estate of David C. Mowry, deceased, and personal representative of the heirs and next of kin of David C. Mowry, has opposed the motion. Doc. 14. Upon review, the Motion to Dismiss is GRANTED.

**I. Background**

Plaintiff brought this suit against Defendant under the Federal Torts Claims Act ("FTCA") (28 U.S.C. § 2671, *et seq.* and 28 U.S.C. § 1346(b)(1)) and Ohio's wrongful death statute (O.R.C. § 2125, *et seq.*), claiming that a USPS employee's negligence while driving caused his vehicle to strike Decedent, which directly and proximately resulted in Decedent's wrongful death. Doc. 1, PageID #5. This suit follows a prior one based upon the same incident. *See Mowry v. United States*, No. 5:19-cv-0627, 2023 WL 3069359 (N.D. Ohio Apr. 25, 2023).

In the prior suit, David Mowry ("Decedent") and Beverly Mowry ("Mrs. Mowry") sued the United States of America under the FTCA, an Ohio statute prohibiting negligence while operating a motor vehicle (O.R.C. § 4511.43(A)), and a common law claim for loss of consortium. *Id.* at *1, 6. On July 16, 2017, Decedent was riding his motorcycle through an intersection when he was struck by a USPS delivery truck. *Id* at *1. The truck collided with Decedent's left side, propelling him and the motorcycle down the road while Decedent clung to the delivery truck's front grill. *Id.* Subsequently, the truck ran over Decedent's lower left leg before stopping. *Id.* He was transported to the hospital where he was diagnosed with open segmental comminuted fractures of the tibia and fibula in his left leg. *Id.* He underwent surgery, during which he received a plate and screws on his outer fibula and a rod and screws through his tibia. *Id.*

Decedent's recovery was not without complications. Despite a month-long stay at a rehabilitation center, medications, and home care provided by Mrs. Mowry, the injured leg developed necrosis due to infection. *Id.* Several surgeries and skin grafting were necessary to treat the infection. *Id.* at *2. Additionally, as a result of the surgeries and antibiotics to treat the infection, he developed kidney problems so severe that he was eventually diagnosed with acute renal failure and had to be on dialysis 12 hours each day. *Id.* at *3.

In a bench trial for this first lawsuit, this Court held that Decedent had met all the elements of his negligence claim and was awarded $112,206.56 in economic damages and $1,000,000 in non-economic damages for pain and suffering. *Id.* at *6. Additionally, this Court held that Mrs. Mowry had proven her claim for loss of consortium, for which she was awarded $250,000. *Id.* at *7. The parties later filed a joint Stipulated Notice of

Satisfaction of Judgment in which the Mowrys agreed to accept $1,362,206.50 as full payment and satisfaction of the judgment. *Mowry v. United States*, No. 5:19-cv-0627, Doc. 139, PageID # 5127.

The Complaint in this case informs that Mr. Mowry died just after the first case was closed, on September 7, 2023. Doc. 1, PageID #2. It alleges that his death was a direct and proximate result of the accident that was the center of the first case. *Id.*, PageID #4. Mrs. Mowry, as Executor of Decedent's Estate and personal representative of Decedent's heirs and next of kin, similarly brings a claim under the FTCA (28 U.S.C. § 2671, *et seq.* and 28 U.S.C. § 1346(b)(1)), but this time in connection with Ohio's wrongful death statute (O.R.C. § 2125, *et seq.*). *Id.*, PageID #2. For the reasons that follow, the Court holds that Plaintiff's claim is barred by the doctrine of res judicata.

## II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows the respondent to move to dismiss the complaint for its failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The burden of proving that no claim exists is on the moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). In deciding a Rule 12(b)(6) motion, the court must construe "the record in the light most favorable to the non-moving party" and determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3

Though courts are typically limited to the four corners of the complaint when deciding a Rule 12(b)(6) motion, under certain circumstances they may consider extrinsic evidence without converting the motion to dismiss into a motion for summary judgment. *Blackwell v. Nocerini*, 123 F.4th 479, 486 (6th Cir. 2024). For example, courts may take judicial notice of "public records" while preserving the motion to dismiss. *Id.* at 487 (citation omitted). Though not all public records may be treated as factually true, those facts in a public record that "are not subject to reasonable dispute," such as the Court's ultimate resolution of its prior case, are available for judicial notice. *Id.* at 487-88 (quoting *Passa v. City of Columbus*, 123 Fed. Appx. 694, 697 (6th Cir. 2005).

### III. Analysis

Defendant argues that Plaintiff's Complaint should be dismissed on the alternative bases of res judicata, the FTCA's judgment bar, and the one satisfaction rule. The Court holds that res judicata bars the claims in this case, so it will limit its analysis to that defense.

#### A. Res Judicata as Applied to the First Mowry Action

"The doctrine of res judicata precludes a subsequent suit between the same parties based on the same claims or causes of action that were or could have been raised in a prior action." *Fillmore v. Brush Wellman, Inc.*, 2004 WL 527167, *1 (N.D. Ohio Feb. 5, 2004) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Though res judicata is an affirmative defense, it may be raised in a motion to dismiss. *See Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1228-29 (6th Cir. 1981) ("[I]t is now clearly established that res judicata can also be raised by motion.").

4

**1. Res Judicata under Federal Law or State Law in FTCA Action**

Though the parties agree, in principle, on the importance of res judicata, they disagree on whether the Court should apply the res judicata rules under federal law or Ohio law. Doc. 14, PageID #50; Doc. 15, PageID #60. The Sixth Circuit seems to have not yet determined which res judicata rules to apply to a claim brought under the FTCA. *See Gardner v. U.S.*, 443 Fed. Appx. 70, 74 n. 1 (6th Cir. 2011) (declining to resolve the issue because the district court applied federal law and neither of the parties disputed the court's decision).

There is a circuit-split on this issue. *Filice v. United States*, 271 F.2d 782 (9th Cir. 1959), appears to have been the first case to address it. In *Filice*, the plaintiff had prevailed in an earlier case against the United States on a personal injury action brought under the FTCA. *Id.* at 782-83. Alleging a "grossly inadequate" award of $15,000, he sued the United States again. *Id.* at 783. The Ninth Circuit applied California's res judicata law to bar his later suit. *Id.* at 783-84. Several jurisdictions have followed *Filice*'s lead. *See Bowen v. U.S.*, 570 F.2d 1311, 1319 (7th Cir. 1978) (applying Indiana's doctrine of collateral estoppel to a FTCA claim); *Simmons v. U.S.*, 865 F.2d 265 (9th Cir. 1988) (applying Washington's law on claim preclusion); *D'Ambra v. U.S.*, 396 F. Supp. 1180, 1181 (D.R.I. 1973) (applying Rhode Island's law on collateral estoppel).

Other jurisdictions have found it proper to apply federal law. In *Johnson v. U.S.*, 576 F.2d 606 (5th Cir. 1978), the Fifth Circuit refused to follow *Filice* and its progeny. *Id.* at 610. It identified several problems with the cases that followed *Filice*, noting that some of them dealt with prior state court judgments instead of federal court judgments, none involved a conflict between state rules of collateral estoppel and federal rules, and

5

even a few required the court to predict the state collateral estoppel rules because their jurisdictions lacked controlling state decisions. *Id.* The Fifth Circuit also found that Congress had "lodged exclusive jurisdiction in the federal courts over Tort Claims actions, and [it] cannot believe that Congress intended state court rules to determine the internal relationships among the federal courts particularly with regard to the effect one federal court is to give the judgment of another." *Id.* at 612. Accordingly, the Fifth Circuit decided that federal principles of res judicata and collateral estoppel should apply to claims under the FTCA. *Id.* As with *Filice*, several jurisdictions have adopted *Johnson*'s approach. *See Bazuaye v. U.S.*, 41 F.Supp.2d 19, 27-28 (D.D.C. 1999) (applying the federal preclusion doctrine to a FTCA claim); *Donohue ex rel. Estate of Donohue v. U.S.*, 2006 WL 2990387, *4 (S.D. Ohio 2006) (applying federal law on res judicata); *Zia v. Wimmersberger*, 544 F. Supp. 559, 561 (E.D. Penn. 1982) (applying the federal collateral estoppel doctrine).

The Court is mindful that none of the cases immediately cited and discussed are binding on its resolution of the threshold issue. That being said, the Court finds the rigorous reasoning of *Johnson* to be the more persuasive of the two schools of thought. Furthermore, the Court finds guidance in principles espoused by the U.S. Supreme Court. "The preclusive effect of a federal-court judgment is determined by *federal* common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (emphasis added). In federal-question cases, federal courts develop "uniform *federal* rule[s]" of res judicata. *Id.* (emphasis added); *but see Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001) (federal law incorporates state-law preclusion in diversity cases). Neither party disputes

6

that a claim brought under the FTCA creates a federal-question case. Therefore, the Court will apply the federal interpretation of res judicata to the present matter.

### B. Federal Res Judicata as Applied to This Case

Res judicata is an umbrella term for two related though distinct concepts: claim preclusion and issue preclusion. *Sturgell*, 553 U.S. at 892. Claim preclusion provides that a final judgment prohibits "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* (internal quotations omitted). By contrast, issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id.* (internal quotations omitted). By enforcing res judicata, courts are able to "[prevent] the expense and vexation attending multiple lawsuits, conserve[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979).

Under federal common law, a party asserting claim preclusion must meet four elements: "(1) a final judgment on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). "The party asserting the defense of res judicata … bears the burden of proof." *Keymarket of Ohio, LLC v. Keller*, 483 Fed. Appx. 967, 971 (6th Cir. 2012).

The Court can safely conclude that Defendant has satisfied elements one and four. As mentioned previously, the first lawsuit ended in a bench trial in favor of Decedent and

7

Mrs. Mowry. *See Mowry v. United States*, No. 5:19-cv-0627, 2023 WL 3069359, *7 (N.D. Ohio Apr. 25, 2023). Such a result is clearly "a final judgment on the merits."

An "identity of the causes of action" means an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Sanders Confectionary Prods., Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 484 (6th Cir. 1992) (internal quotation omitted). In short, if the claims arose from the same transaction or series of transactions, the final element is satisfied. *Browning v. Levy*, 283 F.3d 761, 773-74 (6th Cir. 2002) (internal quotation omitted). The wrongful death claim in this case arose from the traffic accident involving the USPS employee, Doc. 1, PageID #4-5, the very event that yielded the claims in the first case for negligence and loss of consortium. *Mowry*, 2023 WL 3069359, *5-7. Therefore, the Court will focus its analysis on the remaining preclusion elements: whether this suit is between the same parties or their privies as the first suit; and whether there is an issue here that was litigated or should have been litigated in the first suit.

### a. Same Parties or Their Privies

There is a general rule that "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Sturgell*, 553 U.S. at 893. However, that rule does not apply where: "(1) the nonparty agreed to be bound by the prior judgment; (2) there exists a 'substantive legal relationship' between the person bound by the prior judgment and the nonparty, including 'preceding and succeeding owners of property, bailee and bailor, and assignee and assignor'; (3) the nonparty was 'adequately represented by someone with the same interests,' including class actions and suits brought by 'trustees, guardians, and

8

other fiduciaries'; (4) the nonparty 'assumed control' over the prior litigation, such that they already had their day in court; (5) a party bound by the prior judgment attempts to relitigate through a proxy, such as where the person bringing the later suit is a 'designated representative' or agent for the person bound by the prior judgment; and (6) 'special statutory scheme[s]' that foreclose successive litigation by nonparties, such as bankruptcy and probate proceedings." *The 81 Development Co. v. Soil and Materials Engineers, Inc.*, 2021 WL 868886, *11 (W.D. Mich. Mar. 9, 2021) (quoting *Sturgell*, 553 U.S. at 893-95). The concept of "privity" generally encompasses those substantive legal relationships that exist between individuals in successive cases that justify preclusion. *Sturgell*, 553 U.S. at 894 n. 8. "Privity is limited to a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented." *United States v. Vasilakos*, 508 F.3d 401, 406 (6th Cir. 2007) (internal quotation omitted).

The defendant here ("United States of America") was also the defendant in the first suit. *See* Doc. 1, PageID #1; *Mowry*, 2023 WL 3069359. Accordingly, the resolution of this element turns on whether Plaintiff here is the same party as the plaintiffs in the prior case or is in privity with those plaintiffs.

In the Complaint, Plaintiff is named "BEVERLY R. MOWRY, Individually, as Executor of the Estate of David C. Mowry, deceased, and as personal representative of the heirs and next of kin of David C. Mowry." Doc. 1, Page ID #1. Mrs. Mowry was a plaintiff in the first action. *See Mowry*, 2023 WL 3069359 at *1. Therefore, insofar as she is bringing this action in her individual capacity, she is the same party for preclusion purposes.

9

Though not named in the Complaint, Decedent and Mrs. Mowry have a son and daughter. *See Mowry*, 2023 WL 3069359 at *3-4. The Court will assume that they are "the heirs and next of kin of David C. Mowry" whom Mrs. Mowry is representing. The Court concludes that the son and daughter are in privity with the plaintiffs from the first case as their interests were adequately represented. The Court finds support for this conclusion in Ohio law.

Under Ohio law, beneficiaries on a wrongful death claim include the decedent's surviving spouse, children, and parents. R.C. 2125.02. The Supreme Court of Ohio has held that privity exists between the beneficiaries in a wrongful death action and the decedent. *Thompson v. Wing*, 637 N.E.2d 917, 923 (Ohio 1994). The rationale is that there exists "a close alignment of interests between the beneficiaries and the decedent," and it is assumed that the beneficiaries' interests will be protected by the decedent's prior action on his own behalf as he "has every incentive to vigorously pursue a claim for personal injury or medical malpractice." *Id.*

Mr. and Mrs. Mowry successfully pursued their claims of negligence and loss of consortium in the first case. *Mowry*, 2023 WL 3069359 at *7. It follows that Mr. Mowry's beneficiaries' interests were sufficiently represented to bring the beneficiaries within the scope of privity, thus satisfying the second element of claim preclusion with respect to them as well.

### b. An Issue That Was or Should Have Been Litigated in Prior Suit

"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Moitie*, 452 U.S. at 398. "Issues determined by a judgment for or against a person in an action based

on an act which later causes his death are conclusive in a subsequent action for causing his death." Restatement (Second) of Judgments § 46 (1982). The Court recognizes that "[t]he problem [of deciding whether an issue is precluded] involves a balancing of important interests: on the one hand, a desire not to deprive a litigant of an adequate day in court; on the other hand, a desire to prevent repetitious litigation of what is essentially the same dispute." *Id.* at § 29.

In the first *Mowry* case, this Court resolved the issue of whether the USPS driver's negligence proximately caused injuries to Mr. Mowry's left leg. *Mowry*, 2023 WL 3069359 at *5. The Court also held that "Mr. Mowry's kidney deterioration and ultimate [renal] failure, which began less than two years after the accident and resulting procedures, infection, and use of the antibiotics, was … proximately caused by the accident." *Id.* In the Complaint, Plaintiff has alleged that Decedent's death resulted from "continuous infections and sustained prolonged high blood pressure, uncontrolled diabetes and kidney failure" in connection with the USPS driver's negligence. Doc. 1, PageID #4. Therefore, the issue of whether the USPS driver's negligence directly and proximately caused the complications that allegedly resulted in Decedent's death was actually litigated and is precluded from re-litigation. *Compare In re New York Asbestos Litigation*, 738 F. Supp. 66, 68 (E.D.N.Y. 1990) (the issue of whether decedent's death was caused by exposure to asbestos products was decided in prior suit, so it was precluded in the present suit); *Dover v. U.S.*, 367 Fed.Appx. 651, 653-54 (6th Cir. 2010) (petitioner had opportunity to raise issue about whether his criminal restitution was discharged during his bankruptcy proceeding but failed do so, so it was barred); *with Thies v. Life Ins. Co. of N. Am.*, 924 F. Supp. 2d 817, 820 (W.D. Ky. 2013) (the third

element of claim preclusion was not met because issues of prejudgment interest and disgorgement of profits were not actually litigated in the first action and could not have been); *Vincent v. Warren County, Ky.*, 629 Fed.Appx. 735, 740 (2015) (because defendant was initially granted qualified immunity, the issue of defendant's personal negligence was not raised, actually litigated and decided, and necessary to the court's judgment in the prior case, so preclusion did not apply).

Despite the different legal theories underlying the two cases—personal injury and loss of consortium in the first and wrongful death in the second—Plaintiff is effectively attempting to recover again for the same injury for which Mr. and Mrs. Mowry were compensated in the first case, which res judicata prohibits. *See Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978) ("Where two successive suits seek recovery for the same injury, a judgment on the merits operates a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit."). The Court sympathizes with Mrs. Mowry and the Mowry children for their loss, but the cause of that injury and recovery for that injury were decided in the prior suit, and res judicata precludes their relitigation.

### IV. Conclusion

Even after construing all factual allegations in the Complaint in the light most favorable, Plaintiff's claims are barred as a result of res judicata. Therefore, Defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

January 14, 2026    */s/ Judge John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT